FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   04 JUN -3 PM 1: 37
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

PENNY DAVIS, et al.,

    Plaintiffs,

vs.   CASE NO. CV-03-J-2551-S

CONTINENTAL ASSURANCE
COMPANY, et al.,

    Defendants.

ENTERED
JUN 3 - 2004

## MEMORANDUM OPINION

    Pending before the court are defendant Auto Custom Carpets Inc Life Insurance Plan's motion for summary judgment (doc. 20) and brief in support of said motion (doc. 21), and defendant Continental Assurance Company's motion for summary judgment (doc. 22), brief and evidence in support of said motion. The plaintiff filed evidence and a memorandum in opposition to said motion (doc. 25) and defendant Auto Custom Carpets thereafter filed a reply (doc. 26).

    The court having considered the pleadings, evidence and memoranda of the parties, finds as follows:

    The plaintiffs filed the complaint in this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), asserting that the defendants wrongfully denied benefits under a policy of life insurance, in violation of 29 U.S.C. § 1132(a)(1)(B). Upon consideration of the pleadings, memorandum and evidentiary submissions received, the court concludes that the motion for summary judgment is



due to be granted as no genuine issues of material fact remain and the defendants are entitled to judgment in their favor as a matter of law.

## FACTUAL BACKGROUND

Plaintiffs' decedents were both employed by Auto Custom Carpets ("ACC"). On February 13, 2001, the decedents were killed when the private airplane they and three other co-employees occupied, crashed. Exhibit 1B, CNA 106, 108. No one in the plane survived the crash. Complaint, ¶ 8; Exhibit 1B, CNA 110. The airplane was piloted by Donald Robertson, who was defendant ACC's National Sales Manager. Exhibit 1B, CNA 102. Robertson co-owned the plane with Jeffery Moses, ACC's President. Complaint, ¶ 8; Exhibit 1B, CNA 102, CNA 198-199, 208. Upon subsequent investigation, the National Transportation Board reported that the deceased were on a business flight for ACC, returning to Talladega, Alabama, after a business trip to meet clients in Ohio. Exhibit 1B, CNA 177.

The plaintiffs, beneficiaries of the insurance policies of two of the deceased, were each paid $50,000 under the basic life insurance benefit of the group policy purchased by ACC for its employees. Complaint, ¶¶ 9, 11. *See also* declaration of Deskins, ¶¶ 2, 10. However, defendant Continental, the insurer, denied additional benefits of $50,000.00 each under a separate group policy, purchased by ACC for its employees, for Accidental Death and Dismemberment ("AD&D"). *See* Complaint, ¶¶ 7, 10; declaration of Deskins, ¶ 10.

2

In support of their claims, the plaintiffs submitted documents to defendant Continental, including newspaper articles reporting the plane crash. These articles each reference that this was a "business plane carrying employees of Auto Custom Carpets" and that this as a "business flight" returning from a "business meeting." Exhibit 1B, CNA 116, CNA 118-119, CNA 185-188. Defendant Continental's investigation also revealed that this was a business trip. *See* Exhibit 1B, CNA 110 (FAA report stating "[t]he business flight was operated by H & H Color Laboratory, Inc.... The pilot and passengers were returning to Talladega, Alabama, after business meeting in Ohio"). The plaintiffs submitted no evidence that any one of the five employees of Auto Custom Carpets, including the two decedents relevant here, was aboard the plane at the time of the crash for personal reasons, or for non-business reasons.

The AD&D policy under which the plaintiffs claim contains the following exclusion:

No coverage is provided for loss caused by or resulting from:

1. Declared or undeclared war; or any act of war;
2. Suicide or any attempt at it while same; or self-destruction or any attempt at it if You are insane;
3. Medical or surgical treatment of Sickness or disease;
4. Riding in, or boarding or alighting from any aircraft owned, operated, chartered or leased by or on behalf of:
    a. Your Employer;
    b. The Holder;
5. Service in the armed forces.

3

Defendant Continental exhibit 1 A, at CNA 024-025. Defendants assert that the plane in question was being used "on behalf of" ACC. Although the Plan under which the benefits were paid stated that an appeal of an adverse decision had to be made within 60 days, the plaintiffs did not file a timely appeal. *See e.g.*, Exhibit 1B, CNA 171, 174. Approximately two years later, in March, 2003, the plaintiffs argued that the decision to deny the AD&D benefit was incorrect and based on an insufficient investigation. Declaration of Deskins, ¶ 13; Exhibit 1B, CNA 168-169, 264-265. Defendant Continental again denied payment under the AD&D policy and treated plaintiffs' further correspondence as a request for appeal. Declaration of Deskins, ¶ 14; Exhibit 1B, CNA 166-167, 262-263. Continental affirmed its original decision to deny AD&D benefits. Exhibit 1B, CNA 097-101. *See also* Exhibit 1B, CNA 256-265. Upon exhaustion of the appeal process, this suit was filed.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden

then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro 56(e). In meeting this burden, the nonmoving party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

## LEGAL ANALYSIS

The issue before the court is whether the factual findings of the plan administrator are correct. The Plan states that defendant Auto Custom Carpets was the plan administrator. *See* plaintiffs' exhibit B, CNA 31. However, defendant Continental made the decision to deny the claim for benefits. Nancy Deskins, designated by defendant Continental as its corporate representative, could not explain how Continental obtained the authority to make this determination for ACC as the Plan Administrator. Deskins depo, at 23-24.

The Plan documents at issue here state that "The Plan Administrator has discretionary authority to determine the eligibility for benefits and to construe the terms of the Plan." Defendant Continental exhibit 1A, at CNA 031. Additionally, the disputed benefits, if paid by Continental, would come from funds under the control of Continental. Deskins depo., at 58.

The plaintiff argues that the *de novo* standard of review applies in this case because the plan confers discretion on the Plan Administrator, ACC, and not on the insurer, Continental. However, the parties do not dispute that defendant Continental actually decided the plaintiffs' claims.

The court finds that the heightened arbitrary and capricious standard of review is properly applied in this case. *See e.g., Torres v. Pittston Co.*, 346 F.3d 1324, 1329 (11th Cir.2003); *Brown v. Blue Cross and Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1566-67 (11th Cir.1990). Under this standard, the court must decide if defendant Continental's interpretation of the plan, and its factual determination, was made rationally and in good faith. *Cagle v. Bruner*, 112 F.3d 1510, 1518 (11th Cir.1997); *Paramore v. Delta Air Line, Inc.*, 129 F.3d 1446, 1450 (11th Cir.1997). In other words, the court must determine whether the decision to deny benefits was reasonable, given the information known to the administrator at the time the decision was made. *Jett v. Blue Cross and Blue Shield of Alabama, Inc.*, 890 F.2d 1137, 1139 (11th Cir.1989).

The plaintiffs argue that defendant Continental failed to perform a reasonable investigation of their claim, based on Continental's alleged "failure" to discover that one of the owners of the plane was flying the plane and the other was a passenger. Exhibit 1B, CNA 164-165. The plaintiffs conclude from these facts that the plane must have been used for the individuals' own benefit, and not that of ACC. Exhibit 1B to declaration of Deskins, CNA 164-165. The plaintiffs base this argument on the

fact that the plane's owners were separate entities from the employer of the deceased.[1]

Applying the appropriate standard of review, the court must determine first, *de novo*, whether the plan administrator's decision was "wrong." *HCA Health Systems v. Employers Health Ins. Co.*, 240 F.3d 982 (11th Cir.2001). If the decision was correct, or if the decision is wrong but reasonable, the court must uphold the administrator's decision because of discretion granted the administrator. *See Yochum v. Barnett Banks, Inc. Severence Pay Plan*, 234 F.3d 541, 544 (11th Cir.2000). Because it is an arbitrary and capricious review, the court is limited to the evidence before the administrator at the time of the decision.

The dispute in this case centers around interpretation of the phrase "on behalf of" as used in the AD&D policy exclusion. Defendants argue that because the flight carried solely five employees of ACC for the purpose of conducting ACC business, the flight was "on behalf of" ACC. Plaintiffs contend that the fact the plane was piloted by Robertson, who co-owned the plane with Moses, the flight was clearly not "on behalf of" ACC. The plaintiffs further argue that, had defendant Continental

---

[1] Plaintiffs' argument seems to be that because the plane was not directly owned by ACC, the flight could not be on behalf of ACC. See e.g., Exhibit 1B, CNA 169 (stating that because the airplane was "under the control of its owners at the time of the crash and each of them is a separate entity from the 'employer' of the deceased," the exclusion does not apply). The court finds this argument to be without merit. However, because the court finds that the decision of defendant Continental to deny benefits was not "wrong," the court does not go any further in the analysis required under the heightened arbitrary and capricious standard in review of ERISA claims.

performed more than a cursory investigation, the fact that the flight was not "on behalf of" ACC would have been discovered.[2]

The court is not persuaded by plaintiffs' novel argument. Defendant Continental's determination that the flight was "on behalf of" ACC is supported by the evidence submitted by defendants. Therefore, the court cannot conclude that this determination was arbitrary and capricious. The fact that this was a business flight is supported by both plaintiffs' state lawsuits against defendant ACC for wrongful death. *See Davis v. Auto Custom Carpets*, CV 03-052 (Circuit Court of Talladega County, Alabama) and *Comer v. Auto Custom Carpets*, CV 03-051(Circuit Court of Talladega County, Alabama). Both of those suits seek compensation from third parties for injuries suffered at work, under §25-5-11(c)(1) and (c)(2), Code of Alabama 1975, *as amended*. Defendant exhibit 4. It is further supported by the affidavit of Kenneth Howell, the CFO of ACC. He states:

> 2.   All the passengers on the airplane were ACC employees. The purpose of the trip was to meet with a large, prospective customer, Nifty Products, Inc. While there, the ACC employees also met with an existing customer, The Paddock. The trip had no other purpose besides business.
> 3.   ACC assisted the survivors/dependents of the deceased employees in filing for workers' compensation benefits. It is my

---

[2]The plaintiffs also argue that because their decedents were killed by the airplane crash, their deaths were not caused by "riding in, or boarding or alighting from any aircraft." *See* plaintiff's memorandum, at 11 ("The evidence is undisputed that the 'loss' in this case ... was caused by and resulted from the aircraft crashing. Therefore ... the exclusion does not apply in this case because the Plaintiffs' decedents were not killed by riding in or boarding or alighting from an aircraft"). The court does not find this argument persuasive.

understanding and belief that the workers' compensation carrier has been paying all benefits due.

Affidavit of Howell, ¶¶ 2-3, submitted as defendant exhibit 2.

Given the evidence before the administrator at the time of the decision, the court does not find that the decision to deny benefits under the AD&D policy was arbitrary and capricious.[3] The plaintiffs were paid benefits under the basic life insurance policy, but not additional benefits due to the exclusion in dispute here.

Therefore, the court concludes that the administrator's decision to deny AD&D policy benefits was reasonable, and not arbitrary and capricious.

In consideration of the foregoing, the court shall grant the defendants' motion for summary judgment by separate Order.

**DONE** this the ___3___ day of June, 2004.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[3]Even if this court was to apply a *de novo* review standard, as the plaintiff argues is appropriate, the outcome of the case would not change. Based on the evidence submitted by both parties, the court finds that the decision to deny benefits was not "wrong." The court finds that all of the evidence produced supports that the flight in question was for business purposes, on behalf of ACC. The plaintiffs have not even suggested that they have evidence to the contrary. The policy in question clearly excludes accidental deaths resulting from plane crashes when the flight was undertaken for business purposes.